IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DINA DAHDAL                                                                    PLAINTIFF

v.                              CASE NO.  4:17-CV-00478 BSM

TREMAYNE PEARSON, et al.                                          DEFENDANTS

ORDER

Plaintiff Dina Dahdal moves for entry of default judgment.  Doc. No. 23.  For the reasons set forth below, the motion will be treated as a motion for a clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and will be referred to the clerk of court.

Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments.  First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).

"Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000).  No clerk's default has been entered herein.  In the event a clerk's default is entered, Dahdal will have to seek a default judgment as provided in Rule 55(b).

Accordingly, Dahdal's motion for default judgment [Doc. No. 23] will be construed as a motion for clerk's entry of default and the motion is referred to the clerk of the court for consideration of entry of a clerk's default.

IT IS SO ORDERED this 17th day of April 2018.

_____
UNITED STATES DISTRICT JUDGE