IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DR. DINA DAHDAL                                              PLAINTIFF

CASE NO. 4:17-cv-00478-BSM

BRITTANY GODFREY, BYRON HARPER, OFC. SILVA,
individually and in their official capacities as
police officers for the city of Little Rock, and
CITY OF LITTLE ROCK, and
UNITED PAIN CARE, LTD.                                       DEFENDANTS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 14 2018

JAMES W. McCORMACK, CLERK
By: _____ DEPUTY CLERK

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO ADD PLAINTIFF

The Plaintiff, Dr. Dina Dahdal, by and through her counsel moves the Court for leave to amend her Complaint and to add Plaintiff pursuant to Federal Rules of Civil Procedure 20 (1)(A)(B). The proposed Amended Complaint is attached here as **Exhibit A** in compliance with Local Rule 5.5 (a)(1)(e).

1. This cause of action was filed on July 25, 2017, against Tremane Pearson, William Gilliam, Little Rock Wastewater Utility, Brittany Godfrey, Byron Harper, OFC. Silva, The City of Little Rock, Pulaski County Sheriff's office, and United Pain Care, Ltd.; the suit as to all Defendants but United Pain Care Ltd, is a Civil Rights action under 42 United States Code §1983 and 1988 under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Arkansas State Constitution, and the Civil Rights Act of 1983 codified as A.C.A. §16-123-101 *et.seq.*. The cause of action against Defendant United Pain Care, Ltd. is a breach of contract claim.

2. The original Complaint states that Plaintiff, Dina Dahdal, M.D., was unjustifiably assaulted in her home then unlawfully seized by Little Rock police officers. Throughout her complaint the Plaintiff refers to "Ms. Doe," who was her roommate at the time of the incident and was also physically assaulted and unlawfully seized and detained.

3. The true identify of Ms. Doe, Leah Rochelle, was withheld due to the extreme emotional trauma she sustained during and after the incident. Ms. Rochelle was in fact subjected to physical abuse and public humiliation being paraded completely naked in her front yard.

4. Ms. Leah Rochelle's cause of action is directly and inextricably intertwined with the Plaintiff, Dina Dahdal, M.D.; Plaintiff Dahdal moves this Court for permissive joinder to add Ms. Rochelle as a Plaintiff.

5. Defendants were and are aware of Leah Rochelle as a potential plaintiff and will not be prejudiced by the addition of Ms. Rochelle as a party, in fact, the first discovery request has just been made in this case.

6. A brief in support of Plaintiff's motion to amend and for permissive joinder of party is being filed contemporaneously with this motion.

Respectfully submitted,

DINA DAHDAL, M.D.

By, /s/ Kathryn L. Hudson

Kathryn L. Hudson, ABN 2010046

LAW OFFICE OF KATHRYN L. HUDSON
650 S. Shackleford Rd., Ste. 400
Little Rock, AR 72211
(501)246-3586
(501)217-4082 fax
klhudson@hudson-lawcenter.com

        s/ R. David Lewis, ABN 1968030

        1109 Kavanaugh Blvd.
        Little Rock, AR 72205
        (501) 664-0818
        (501) 664-3884 fax
        rdavidlewis@yahoo.com

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on June 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing all those authorized to receive such notice and specifically:

Rick D. Hogan, #83084
Deputy City Attorney
Office of the City Attorney
500 West Markham, Suite 310
Little Rock, AR 72201
(501) 371-4527
rhogan@littlerock.gov


Sherri L. Latimer, Arkansas Bar #2008255
Deputy City Attorney
500 West Markham, Room 310
Little Rock, Arkansas 72201
(501) 371-6841
slatimer@littlerock.gov

Thomas M. Carpenter
Office of the City Attorney
500 West Markham, Room 310
Little Rock, AR 72201
(501) 371-6875
(501) 371-4675 Fax
tcarpenter@littlerock.gov

        /s/ Kathryn L. Hudson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DR. DINA DAHDAL                                                                                       PLAINTIFF
LEAH ROCHELLE                                                                                         PLAINTIFF

CASE NO. 4:17-cv-00478-BSM

BRITTANY GODFREY, BYRON HARPER, JUDE SILVA,
individually and in their official capacities as
police officers for the city of Little Rock, and
CITY OF LITTLE ROCK, and
UNITED PAIN CARE, LTD.                                                                                DEFENDANTS

### AMENDED COMPLAINT

#### 1.
#### JURISDICTION AND VENUE

1. This is a civil rights Complaint under 42 U.S.C. § 1983 by the Plaintiffs against the Defendants as a result of their excessive use of force, unlawful search and seizure, and cruel and inhumane treatment, occurring in Pulaski County, Arkansas, on August 19, 2014.

2. The individual Defendants are sued both in their individual and official capacities.

3. At all times relevant to this Complaint, all individual Defendants were acting under the color law.

4. The City Defendants are sued as a result of the individual Defendants' actions within the course and scope of their authority, as caused by and/or ratified by the entities.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 343 (a)(3)(4), and § 1367 (a), as Plaintiffs seek damages under 42 U.S.C. § 1983 for the deprivation of their civil rights as secured by the Fourth, fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution, and other claims out of state law.


EXHIBIT A

6. Venue is proper in the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C.

## II.

## PARTIES

7. Dina Dahdal, is a physician and at all times relevant to this case was and is a resident of Little Rock, Arkansas.

8. Leah Rochelle is a classical musician and at all times relevant to this case is and was a resident of Little Rock, Arkansas.

9. Defendant Brittany Godfrey is a police officer with the Little Rock Police Department and at all times relevant to this Complaint was acting in her official capacity as a police officer, and was acting under the color of law. Ms. Godfrey is sued in her individual and official capacity as a sworn police officer for the City of Little Rock, Arkansas.

10. Byron Harper is a police officer with the Little Rock Police Department and at all times relevant to this Complaint was acting in his official capacity as a police officer, and was acting under the color of law. Mr. Harper is sued in his individual and official capacity as a sworn police officer for the City of Little Rock, Arkansas.

11. Jude Silva is a police officer with the Little Rock Police Department and at all times relevant to this Complaint was acting in his official capacity as a police officer, and was acting under the color of law. Mr. Harper is sued in his individual and official capacity as a sworn police officer for the City of Little Rock, Arkansas.

12. Defendant City of Little Rock is a political subdivision of the State of Arkansas and among its other functions operates and maintains a law enforcement agency known as the Little Rock Police Department. The City of Little Rock delegates to its appointed police chief

responsibility for hiring, firing, and training police officers, establishing and implementing policies and procedures, and customs used by law enforcement officers employed by the City of Little Rock in regard to investigations and arrests. The City of Little Rock adopts police department rules and was at all times relevant charged with the enforcement of these policies.

13. Upon information and belief, all Defendants waived immunity for civil liability and tort by purchasing liability insurance by contract with an insurance company and/or participation in an insurance risk pool that cover claims asserted in this legal action.

III.

FACTS

14. On or about August 19, 2014, Defendants Godrey and Harper knocked on the door of Plaintiffs Dina Dahdal and Leah Rochelle's home at 32 Flag Road, Little Rock, Arkansas. Dahdal answered the door whereby Godfrey and Harper asked if she had witnessed an altercation with Water Department personnel, Plaintiff truthfully answered, "no."

15. Defendants Godfrey and Harper continued to then aggressively question Plaintiff Rochelle regarding an alleged altercation with City Water Department employees that Rochelle truthfully denied.

16. When Dahdal informed Rochelle she did not have to answer anything further without an attorney present, Defendant Godfrey threatened to take Dahdal to jail for obstructing governmental operations stating, "Now listen here, you keep this up and I'll take you to jail." Defendant Harper placed his hand in his gun; Dahdal stated she felt threatened whereby he removed his hand from his weapon.

17. Dahdal stated she did not consent to any further questioning, none-the-less Defendant Godfrey put her leg inside the door to hold the door open then lunged at Dahdal grabbing her left and right arm, bent her over, then Defendant Harper grabbed both of her ankles pulling her legs out from under her. This caused Dahdal to fall backwards on top of Rochelle who was only wearing a blanket having just showered.

18. Defendant Godfrey, enraged by Dahdal's refusal began kicking her with her boot while she was on the ground and being dragged from the house by Defendant Harper.

19. Once outside numerous other officers arrived including Defendant Jude Silva who jumped on Dahdal and handcuffed her behind her back, then placed her in the back seat of Defendant Harper's police unit.

20. While Dahdal was being handcuffed and subjected to an unreasonable use of force, Defendants removed the blanket covering Rochelle then dragged her out into the front yard and handcuffed with her arms behind her back, again, fully nude, in front of her neighbors who were assembled outside due to the scene created by the Little Rock Police Department.

21. Rochelle, screaming and begging to be let go was never offered her blanket or anything to cover herself. She was in instead placed onto a hot seat in the back of the patrol unit with nothing to sit on or cover her naked body. Godfrey then drove Rochelle to the police substation whereby she left Rochelle in the patrol car for several minutes with the windows rolled up. When Godfrey finally returned she found Rochelle unresponsive, Rochelle was taken to the hospital by medical personnel who finally covered her naked body. Both Plaintiffs were arrested and spent the night and the next day in jail.

4

22. Rochelle's booking photo and charges of battery 3rd degree, disorderly conduct, indecent exposure, obstructing governmental operations, and resisting arrest, appeared online immediately and are still accessible using a simple name search on Google. All criminal charges were dismissed by a District Court judge.

23. Dahdal was charged with battery 3rd degree, disorderly conduct, obstructing governmental operations, and refusing to submit to arrest. Her booking photo and arrest appeared online immediately and are still accessible using a simple name search on Google. All criminal charges were dismissed by a District Court judge.

24. At the time of the incident Dahdal had just learned that she had passed medical her boards and had entered into a three-year nine-hundred thousand dollar ($900,000) contract that included a buy-in that was very quickly withdrawn due to her arrest. Additionally, Dr. Dahdal was affiliated with the University of Arkansas for Medical Sciences where she had previously enjoyed a stellar reputation.

25. Plaintiff Rochelle, after having placed her career on hold to support her partner Dahdal through her medical training, was just beginning a career in real estate in addition to her plan to resume her music career. Ms. Rochelle is an accomplished classical musician.

26. The injuries, damages, and relief the Plaintiffs seek from the Defendants, jointly or severally, under both state and federal law, include but are not limited to:

    a.       Damages for physical pain and suffering of the past, present, and future;

    b.       Damages for emotional pain and suffering of the past, present, and future;

    c.       Damages for medical expenses of the past, present, and future;

    d.       Damages for loss of enjoyment of life of the past, present, and future;

    e.       Loss of economic opportunity of life of the past, present, and future;

  f. Punitive damages;

  g. Pre and post judgment interest;

  h. Attorney's fees; and,

  i. All such relief, both general and specific, to which they may be entitled.

<div align="center">

IV.

CAUSES OF ACTION
</div>

**A. Count 1: Violation of Fourth, Fifth, and Fourteenth Amendments.**

27. Plaintiffs re-allege and incorporate by reference the allegation and facts contained in paragraphs 1 – 25.

28. In committing the acts complained of herein, the Defendants acted jointly and under the color of state law to deprive Dina Dahdal, M.D., and Leah Rochelle of their clearly established constitutionally protected rights under the Fourth, Fifth, and Fourteenth amendments to the United States Constitution and the Constitution of Arkansas including but not limited to:

  a. Freedom to be secure in one's home free from illegal search and seizure of the person;

  b. Freedom from the use of unreasonable, unjustified, and excessive force; and,

  c. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

29. In violating the Plaintiffs' rights as set forth above that will be proven at trial, Defendants acted under color of state law and without probable cause or justification to charge into the Plaintiffs' home and use unnecessary and excessive force.

30. In addition to the physical and emotion injuries suffered during and after the

    incident, Plaintiffs will be subject to public humiliation that will continue as long as the incident is publicly accessible; their arrest will also show in any background check for future employment or other economic opportunities. Dahdal is a physician held to a high standard where her reputation is critical. Having reached the end of a long medical education Dr. Dahdal was looking forward to enjoying the fruits of her hard work in her newly acquired three-hundred thousand dollar ($300,000.00) a year contract. That contract worth nine-hundred thousand dollars ($900,000.00) plus a buy-in opportunity was rescinded once her new employer learned of the arrest and pending charges.

31. Rochelle, as an accomplished classical musician, will likely suffer not being signed to perform once venues learn of her still very public arrest. Additionally, Rochelle was just beginning a secondary career in real estate. With the emotional trauma she suffered and the public exposure of her arrest, plus the months it took to have her criminal charges dismissed, she felt it impossible to work in the public. The lasting damage to the Plaintiffs is incalculable. As a direct and proximate result of the violations of the Plaintiffs' constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this complaint and they are entitled to relief under 42 U.S.C.

**32. <u>Count 2: Violation of Eighth Amendment</u>**

33. Plaintiffs re-allege and incorporate by reference the allegation and facts contained in paragraphs 1 – 31.

34. In committing the acts complained herein, the Defendants acted jointly and under the color of law to deprive Dina Dahdal, M.D. and Leah Rochelle of their clearly established constitutionally protected rights under the Eighth Amendment to the United States Constitution, including but not limited to:

a. Cruel and unusual punishment.

35. The City of Little Rock and Defendants Brittany Godfrey, Byron Harper, and Jude Silva as police officers were under a duty to not subject the Plaintiffs to physical assault, public humiliation by being displayed naked to their neighbors, or physical risk of death by placing Plaintiff Leah Rochelle in a hot police car, forcing her to sit naked on a hot car seat, then leaving her in a closed vehicle with the windows rolled up until she succumbed to the extreme heat.

36. The City of Little Rock failed in its constitutional duty by permitting, encouraging, tolerating, and knowingly acquiescing to an official pattern, practice, or custom of its officers, including Defendant police officers duties, violating the constitutional rights of the public at large, including Plaintiffs Dina Dahdal, M.D. and Leah Rochelle.

37. The actions of the individual Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive, and grossly disproportionate to the actions of Dr. Dahdal or Ms. Rochelle, if any, and constitute the use of excessive force and unreasonable force and the deprivation of Dr. Dahdal and Ms. Rochelle's due process protections in violation of the rights secured by the Fourth, Fifth, Fourteenth, and Eighth Amendments to the Constitution of the United States.

38. The City of Little Rock and Defendants Godfrey, Harper, and Silva are directly liable for the violation of the Plaintiffs' constitutional rights due to policies, practices, or customs which were in effect at the time of this incident and which were a moving force behind the violation of Dr. Dahdal and Leah Rochelle's constitutional rights:

    a. Defendant City of Little Rock failed to adequately train and educate their officers with respect to procedures to employ when interacting with the public creating an atmosphere where illegal unconstitutional behavior is tolerated

    and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Dr. Dahdal and Ms. Rochelle.

b. Defendant City of Little Rock failed to properly supervise and discipline its officers with respect to violations of the Constitution of the State of Arkansas, the Constitution of the United States, and their own policies regarding the use of excessive force. As a result of the "code of silence," officers act unconstitutionally without fear of discipline.

c. The City of Little Rock failed to adequately monitor and evaluate the performance of their officers and their compliance with the laws and policies, practice and customs with respect to the use of force and contact with the public at large, including Dr. Dahdal and Ms. Rochelle.

d. The City of Little Rock is liable for the individual Defendants, Godfrey and Harper, by virtue of the fact that they were informed of improper conduct of the officers and failed to discipline them, evidencing that the conduct of the officers at the time of the events described herein was in conformity with the existing policies, and that Defendant City of Little Rock ratified the unlawful acts of the individual Defendants.

39. Accordingly, Defendant City of Little Rock ratified, codified, and approved the individual officers conduct in all respects.

40. Under current existing law, the City of Little Rock is liable for constitutional violations committed by the individual Defendants, Godfrey and Harper, under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, *respondeat superior,*

joint venture, contract and as a result of their non-delegable duty to provide officers to comply with the Constitution and laws of the United States and the State of Arkansas.

41. As a direct and proximate result of the foregoing policies, practices, and customs, the City of Little Rock is responsible for the violations of the Plaintiffs' Eighth Amendment constitutional rights of not being subjected to cruel and inhumane treatment by the Defendants, Godrey, Harper, and Silva, which were substantially certain to occur and was the moving force behind the violation of the Plaintiffs' constitutional rights.

**42. Count 4: Attorney Fees**

43. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-39.

44. Plaintiffs seek the award of attorney fees under state and federal law.

**45. Count 5: Punitive Damages:**

46. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-41.

47. The conduct of the Defendants was willful, malicious, oppressive and/or reckless and it was of such a nature that punitive damages should be imposed against all Defendants, with the exception of governmental entities, in an amount commensurate with the wrongful acts alleged herein.

48. As result of Defendants' reprehensible, malicious, intentional, and reckless conduct, Plaintiffs' are entitled to an award of punitive damages in an amount to be determined by the jury.

49. The City of Little Rock owed a duty to properly and adequately train and supervise

all police officers employed by the City of Little Rock in the laws concerning contact with the public and the use of force with those they place in custody.

50. The conduct of the Defendants constitutes gross negligence in the performance of their duties as law enforcement officers owed to the Plaintiffs. At all times relevant to this Complaint, the individual Defendants were acting in the course and scope of their duties as Little Rock police officers employed by their respective agencies and their gross negligence is therefore imputed to the City of Little Rock under the doctrine of *respondeat superior*.

*51.* **Demand for Jury Trial**

52. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-50.

53. Plaintiffs demand a trial by jury of all issues triable.

WHEREFORE, Plaintiffs, Dina Dahdal, M.D. and Leah Rochelle, pray that they be granted judgment against the Defendants in the amount requested; for punitive damages; for attorney fees and costs; and for all other relief they may be entitled to.

                    Respectfully submitted,

                    DINA DAHDAL, M.D.

                    By, *[signature]*
                    Kathryn L. Hudson, ABN 2010046

LAW OFFICE OF KATHRYN L. HUDSON 650 S. Shackleford Rd., Ste. 400
Little Rock, AR 72211
(501)246-3586
(501)217-4082 fax
klhudson@hudson-lawcenter.com

/s/ R. David Lewis, ABN 1968030

1109 Kavanaugh Blvd.
Little Rock, AR 72205
(501) 664-0818
(501) 664-3884 fax
rdavidlewis@yahoo.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to all those authorized to receive such notice and specifically:

Rick D. Hogan,
Deputy City Attorney
Office of the City Attorney
500 West Markham, Suite 310
Little Rock, AR 72201
(501) 371-4527
rhogan@littlerock.gov

Thomas M. Carpenter
Office of City Attorney
500 West Markham, Room 310
Little Rock, AR 72201
(501) 371-6875
(501) 371-4675 Fax
tcarpenter@littlerock.gov

Sherri L. Latimer, Arkansas Bar
Deputy City Attorney
500 West Markham, Room 310
Little Rock, Arkansas 72201
(501) 371-6841
slatimer@littlerock.gov

/s/Kathryn L. Hudson